Dolores **YUKNIS**, Plaintiff,

v.

Raymond J. **ATHERTON**, Defendant.

No. 86 C 4016.

United States District Court, N.D. Illinois, E.D.

Aug. 31, 1987.

---

**1174**

Arthur S. Gold, Levenfeld, Gallagher & Gold, Ltd., Chicago, Ill., for plaintiff.

James R. Morrin, William J. Gigler, Amy L. Kurland, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

Plaintiff Dolores Yuknis instituted this diversity action against Raymond J. Atherton, seeking to collect money that Atherton allegedly owes her pursuant to a personal guaranty. Her original complaint alleged claims of implied contract and unjust enrichment under Illinois law. On June 2, 1987, this court dismissed Yuknis' complaint pursuant to Fed.R.Civ.P. 12(b)(6), finding that her complaint failed to state a claim under Illinois law. Yuknis has filed an amended complaint in an attempt to correct the deficiencies of her first complaint, and the defendants have filed a motion to dismiss the amended complaint. For the reasons set forth below, the court grants Atherton's motion to dismiss the amended complaint.

### Factual Allegations

In 1979, Metropolitan Bank & Trust ("Lender") issued a corporate note to Phoenix Video, Inc. ("Phoenix Video"), to secure a corporate loan. The corporate indebtedness was secured with a security interest in a land trust, which was pledged by Andrew Yuknis and his wife, Dolores Yuknis. The Lender also obtained three separate individual guarantees to cover the corporate indebtedness from Atherton, Andrew Yuknis and Thomas Yuknis. Plaintiff did not execute any personal guarantee; her only relationship to the loan agreement was the pledge of her share in the land trust as collateral for the corporate note. Plaintiff alleges that Atherton knew that the Lender would not issue a corporate loan on the basis of three personal guarantees; and he knew that she and her husband had offered the necessary collateral to secure the loan.

In 1980, the corporation obtained an additional $10,000 loan. Plaintiff subsequently pledged a $76,000 certificate of deposit as substitute collateral for the beneficial interest in the land trust. Phoenix Video defaulted on the note, and the Lender liquidated the security submitted by Andrew Yuknis and his wife. Because the certificate of deposit was sufficient to cover the outstanding balance on the corporate note, the Lender did not need to resort to any of the three personal guarantees. As a result of the application of the certificate of deposit against the corporate debt (totalling $76,299.86), all three personal guarantees were discharged. Relying on these facts, plaintiff alleges that Atherton is liable to her for contribution of one-third the amount paid under a theory of implied contract or unjust enrichment. She has not sought reimbursement from the other two guarantors. In his motion, Atherton asserts that the amended complaint, like the complaint dismissed on June 2, 1987, fails to state a claim under either theory.

### Motion To Dismiss

Under the federal rules, a complaint may be dismissed for failure to state a claim only if plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court must accept all well pleaded facts as true, and must make all reasonable inferences in the light most favorable to the plaintiff. *Ells-*

*worth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986); *Ashbrook v. Hoffman,* 617 F.2d 474, 475 (7th Cir.1980). A complaint "must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory," *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Development Co.,* 758 F.2d 203, 207 (7th Cir. 1985), and the court need not strain to find inferences available to the plaintiff not apparent on the face of the complaint. *Coates v. Illinois State Board of Education,* 559 F.2d 445, 447 (7th Cir.1977).

The only substantive addition[1] to the first complaint is plaintiff's allegation that Atherton knew that the Lender would not agree to the corporate loan without a pledge of some collateral for the loan. Plaintiff reasons that, since Atherton knew that collateral was a prerequisite to the loan, he impliedly promised to reimburse the Yuknises if Phoenix Video defaulted and the collateral was applied to the loan.[2]

This additional allegation does not create a promise implied in fact or in law. The court's June 2 order explained the distinction between these two implied contract theories:

"A contract implied in fact is one whereby a contractual duty is imposed by reasons of a promissory expression which may be inferred from the facts and circumstances and the expressions of the promisor.... A contract implied in law, also referred to as a quasi contract, differs from a contract implied in fact in that it exists from an implication of law that arises from the facts and circumstances, independent of an agreement or consent of the parties. A contract implied in law is equitable in its nature, predicated on the fundamental principle that no one should unjustly enrich himself at another's expense.... Where there is an obligation or duty and a receipt of a benefit related to such duty, the law may imply from the circumstances or the relation of the parties a promise to pay. This promise is fictitious and arises by implication of law wholly apart from usual rules relating to contracts. It exists where there is a plain duty and a consideration. In a contract implied in fact the agreement defines the duty; in a contract implied in law the duty defines the contract."

*Yuknis v. Atherton,* No. 86 C 4016, slip op. at 3–4 (June 2, 1987), [Available on WESTLAW, DCT database], quoting *Arthur Rubloff & Co. v. Drovers National Bank,* 80 Ill.App.3d 867, 873–75, 36 Ill.Dec. 194, 400 N.E.2d 614, 619–20 (1980) (citations omitted). *See also Matter of Estate of Milborn,* 122 Ill.App.3d 688, 78 Ill.Dec. 241, 246–47, 461 N.E.2d 1075 (1984); *Gary Wheaton Bank v. Burt,* 104 Ill.App.3d 767, 60 Ill.Dec. 518, 433 N.E.2d 315 (1982).

Contrary to plaintiff's assertion, the fact that Atherton knew that the Yuknises pledged their interest in the land trust does not indicate any promissory expression on his part. Plaintiff alleges no *facts* to indicate an implied agreement to reimburse her and her husband if their security was liquidated. The documents before the court reveal that Atherton executed a personal guarantee between himself and the Lender.

1. Plaintiff's complaint also attempts to add an additional claim for contribution on behalf of her husband's estate. As the defendants correctly point out, this claim must be dismissed because plaintiff lacks capacity to sue on behalf of her husband's estate, and because this claim is barred by the statute of limitations. Plaintiff apparently concedes the validity of these arguments, because her response does not address them or assert the propriety of this attempted amendment.

2. Plaintiff's response asserts that the three guarantors negotiated with the Lender and between themselves with respect to the collateral offered to secure the loan. *See* Pl.Resp. at 2. This allegation is not contained in the amended complaint. A decision on a motion to dismiss must be based on the allegations in the complaint, and not supplementary assertions contained in the plaintiff's briefs. *Beck v. Cantor, Fitzgerald & Co., Inc.,* 621 F.Supp. 1547, 1553 (N.D.Ill. 1985). In any event, these supplementary assertions do not save Yuknis' claim from dismissal, because they do not demonstrate a promissory relationship between her and Atherton, nor do they demonstrate a legal duty flowing from Atherton to her.

His execution of a personal guarantee does not translate into a promise to contribute a pro rata share of collateral offered for the corporate loan. Accordingly, the court concludes that his knowledge of this collateral cannot form the basis for a claim alleging a contract implied in fact.

■ The court's June 2, 1987 dismissal of plaintiff's claim based on a contract implied in law was based on the following facts:

> [T]he facts alleged are insufficient to support a claim for a contract implied in law. Mrs. Yuknis alleges that Atherton had a duty to guarantee the Phoenix Video debt, and the application of her collateral to that debt discharged his obligation. She must concede, however, that Atherton's obligation ran only to the Lender; and the complaint does not allege any facts to indicate a legal relationship between herself and Atherton, or between herself and Phoenix Video. She does not even contend that Atherton was aware of her gratuitous pledge of the certificate of deposit on her husband's personal guarantee.... She pledged her property, despite the fact that she had no apparent obligation to do so. The facts alleged in the complaint support Atherton's contention that, absent any allegation of a prior relationship or duty between Atherton and Mrs. Yuknis, her claim for contribution must fail. Mrs. Yuknis' gratuitous pledge demonstrates that she was a volunteer, who is not entitled to recover in equity for contribution. *See Sher v. Robin*, 53 Ill.2d 301, 291 N.E.2d 801 (1973). Thus, although the facts may demonstrate that Yuknis conferred a benefit on Atherton, an unin-

tended beneficiary, that fact alone does not suport a claim for a contract implied in law.

*Yuknis v. Atherton*, slip op. at 4–5. The thrust of the court's dismissal of this claim was that there can be no contract implied in law where there is no prior relationship or legal duty between the parties. The fact that Atherton knew about the pledge of collateral does not create any duty to provide a pro rata contribution in the event that the collateral was used to satisfy the corporate note. This collateral was offered as the primary security for the corporate note.[3] Atherton's obligation in the event of default was limited to the promises contained in his personal guarantee. These promises do not obligate him to contribute a proportional share of the collateral to the plaintiff.[4]

### Conclusion

The amended complaint does not allege any facts to support a theory of a contract implied in fact or in law. Accordingly, for the reasons set forth above, the court grants defendant Atherton's motion to dismiss plaintiff's amended complaint.

---

3. The court's June 2, 1987 opinion erroneously stated that this collateral was offered as part of Andrew Yuknis' personal guarantee. This statement was incorrect, because the documents indicate that the collateral was pledged as part of the corporate loan, and the three personal guarantees were executed separately from the loan.

4. Plaintiff also seeks recovery for "unjust enrichment." This claim is duplicative of her contract implied in law claim, since "[t]he theory of unjust enrichment is based upon a finding of a contract 'implied in law.'" *Premier Electrical Construction Co. v. LaSalle National Bank*, 132

Ill.App.3d 485, 496, 87 Ill.Dec. 721, 729, 477 N.E.2d 1249, 1257 (1985). As the court noted in its June 2, 1987 order, "this claim is insufficient for the same reasons that the [other] claim fails to state a cause of action: the complaint alleges no factual circumstances which would give rise to an obligation on the part of Atherton to reimburse Mrs. Yuknis, a stranger to the original transaction, for her pledge in connection with the Phoenix Video loans. No 'unjust enrichment' is alleged." *Yuknis v. Atherton*, slip op. at 5.